UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Nicholas E. Alahverdian,**

    *Plaintiff,*

v.                                             Case No. 3:15-cv-060
                                                         Judge Thomas M. Rose

**Christopher Nemelka,**

    *Defendant.*

---

**ENTRY AND ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION WITH REQUEST FOR EMERGENCY HEARING AND REVIEW.** (DOC. 2).

---

Pending before the Court is Plaintiff's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction with Request for Emergency Hearing and Review. (Doc. 2). Plaintiff filed a complaint on February 17, 2015, Doc. 3, a First Amended Complaint on February 18, 2015, Doc. 5, and on February 19, 2015, refiled the First Amended Complaint with attachments. Doc. 7. Each complaint "alleges" factual scenarios similar to the one described in the Motion for Temporary Restraining Order: Plaintiff, an Ohio resident, became entangled with Defendant, a Utah resident, online. Defendant is alleged to have begun widely disseminating emails purporting to be from Plaintiff, claiming Plaintiff to be a registered sex offender, describing conduct that purportedly lead to the alleged sex offender status and adding a variety of deviant sexual detail and desires. Plaintiff requests an order enjoining Defendant from impersonating

˘1˘

Plaintiff via electronic telecommunications and from generally publishing defamatory material about Plaintiff. Doc. 2 at 10-11, PAGEID 66-67.

Federal Rule of Civil Procedure 65 provides:

> (b) Temporary Restraining Order.
>
> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65.  Plaintiff has fulfilled neither of these requirements, and the motion should therefore be denied. See *Lane v. Wexford Health Sources*, 2010 WL 5158371, *4 (S.D. Ohio 2010) ("[Plaintiff] has placed no facts in the record, by way of a verified complaint or an affidavit, which would substantiate either a likelihood of success or irreparable harm. See Fed. R. Civ. P. 65(b)(1)(A). Accordingly, there is no basis for any finding of irreparable injury.").

Moreover, even if the Court were to treat Plaintiff's signed original complaint as a verified complaint, he still would not have met the criteria necessary for the issuance of a TRO.  In determining whether to issue or withhold an injunction or TRO, courts balance the following factors:

> (1) Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;
>
> (2) Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

>(3) Whether an injunction will cause others to suffer substantial harm; and
>
>(4) Whether the public interest would be served by the preliminary injunction.

*Doe v. Barron*, 92 F. Supp. 2d 694, 695 (S.D. Ohio 1999) (citing *Memphis Planned Parenthood, Inc. v. Sundquist*,175 F.3d 456, 460 (6th Cir. 1999); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991).

Inherent in showing a substantial likelihood of success on the merits is a showing that Plaintiff could defeat a lack of personal jurisdiction defense. *Catalog Marketing Services, Ltd. v. Savitch*, 1989 WL 42488, *2 (4th Cir. 1989) ("Generally a plaintiff must only make a prima facie showing of personal jurisdiction to defeat a motion to dismiss for lack of personal jurisdiction,… however, when injunctive relief is sought, a stronger showing must be made. …[W]hen a preliminary injunction is requested, the plaintiff must demonstrate "that there is at least a reasonable probability of ultimate success upon the question of jurisdiction when the action is tried on the merits.")(citing *Visual Sciences, Inc. v. Integrated Communications, Inc.*, 660 F.2d 56, 58 (2d Cir. 1981). See also *Enterprise International, Inc. v. Corporacion Estatal Petrolea Ecuatoriana*, 762 F.2d 464, 471 (5th Cir. 1985) and *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991).

It seems particularly difficult to imagine that Plaintiff could affirm facts that could substantiate the exercise of personal jurisdiction over Defendant in this case. See *Rice v. Karsch*, 154 F. App'x 454, 462 (6th Cir.2005) ("There is nothing about this email address which indicates that [he] would have accessed his yahoo.com email account or otherwise read this email in Tennessee. Finding personal jurisdiction over an individual merely because he sends an email to a generic email address is incomprehensible to this court. If such reasoning were adopted by this

Court [defendant] would be subject to personal jurisdiction in any location where said email address could be accessed, i.e., in every state regardless of whether the sender had any other contacts with that forum.").

Because Plaintiff has failed to fulfill the requirements of Federal Rule of Civil Procedure 65 and because there is no evidence that this Court could exercise personal jurisdiction over Defendant, Plaintiff's Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction with Request for Emergency Hearing and Review, (Doc. 2), is **DENIED**.

February 23, 2015                                                *s/Thomas M. Rose

                                                                                                                  _____
                                                                                                                   THOMAS M. ROSE
                                                                                           UNITED STATES DISTRICT JUDGE