UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Nicholas E. Alahverdian,**

   *Plaintiff,*

v.                    Case No. 3:15-cv-060
                      Judge Thomas M. Rose

**Christopher Nemelka,**

   *Defendant.*

---

**ENTRY AND ORDER DENYING AMENDED MOTION FOR RECONSIDERATION.** (DOC. 10).

---

  Pending before the Court is Plaintiff's Amended Motion for Reconsideration. Doc. 10. Therein, Plaintiff asks the Court to reconsider its ruling on *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction with Request for Emergency Hearing and Review. (Doc. 2). Plaintiff's First Amended Complaint "alleges" factual scenarios similar to the one described in the Motion for Temporary Restraining Order: Plaintiff, an Ohio resident, became entangled with Defendant, a Utah resident, online. Defendant is alleged to have begun widely disseminating emails purporting to be from Plaintiff, claiming Plaintiff to be a registered sex offender, describing conduct that purportedly lead to the alleged sex offender status and adding a variety of deviant sexual detail and desires. Plaintiff requests an order enjoining Defendant's speech, enjoining Defendant from impersonating Plaintiff via electronic telecommunications and from generally publishing defamatory material about Plaintiff. Doc. 2 at 10-11, PAGEID 66-67.

Federal Rule of Civil Procedure 65 provides:

> (b) Temporary Restraining Order.
>
> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65.  Because Plaintiff fulfilled neither of these requirements, the Court denied Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction with Request for Emergency Hearing and Review. See Doc. 8 at 2, PAGEID 229 (citing *Lane v. Wexford Health Sources*, 2010 WL 5158371, *4 (S.D. Ohio 2010) ("[Plaintiff] has placed no facts in the record, by way of a verified complaint or an affidavit, which would substantiate either a likelihood of success or irreparable harm. See Fed. R. Civ. P. 65(b)(1)(A)").

Apparently unencumbered by reflection on the Court's pointing to the absence of affidavits or a verified complaint to substantiate Plaintiff's allegations, Plaintiff has filed a Motion for Reconsideration that again lacks an affidavit that could convert attached exhibits into evidence under the penalty of perjury.  To date, the only affidavit Plaintiff has filed is contained in an attachment to his original complaint:

> Defendant is impersonating me and sending mass emails to thousands of people.  He is, under my name, saying that I will commit various acts of violence and is depicting me to be delusional and will sexually and physically harm members of society, specifically those that do not believe in the LDS Church (Mormonism).  He includes my phone number.  He implies that I was convicted of masturbating at a playground (obviously untrue).

2

> Various people are now emailing me and calling me, irate and angry, thinking that I sent the email. ORC statutes involved in complaint: telecommunicating harassment, identity, fraud, etc.

Doc. 1-4, PAGEID 27.

"Because a temporary restraining order may be issued ex parte, the device is vulnerable to abuse; indeed, the propriety of a court issuing any order that would subject a person to injunctive restraint without the person's knowledge has been questioned. To ensure that the rights of all concerned are protected, Rule 65(b) prescribes certain safeguards for the issuance of temporary restraining orders that must be *scrupulously* honored." Moore's Federal Practice § 2952 (emphasis added). Foremost among these requirements is the one stated in the provision governing *ex parte* motions requiring an affidavit. Rule 65(b)(1) provides that a temporary restraining order may be granted without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(c). As stated in other contexts, "The correspondence [plaintiff] filed with the district court was not supported by affidavit or otherwise authenticated. In the form in which it was presented, it constituted inadmissible hearsay. The district court could not properly have relied upon the exhibits as submitted and neither may we." *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985). For this reason alone, Plaintiff's motion should be denied.

The Court considers, however, the lingering possibility that Plaintiff might this time read the Court's order, comply with it by filing supporting affidavits, and yet again renew his motion. To effectuate the efficiency prescribed in Federal Rule of Civil Procedure 1, the Court will

consider the availability of the relief Plaintiff requests. Plaintiff requests an *ex parte* prior restraint on Defendants' allegedly libelous speech.

"In determining whether to issue a temporary restraining order, the Court should consider: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction.'" *Hunter v. Hamilton County Bd. of Elections*, 635 F.3d 219, 233 (6th Cir. 2011).

Plaintiff is not likely to prevail on his motion for a temporary restraining order on Defendant's speech because this is not an available remedy. "Courts have long held that 'equity will not enjoin a libel' absent extraordinary circumstances." *Metropolitan Opera Ass'n v. Local 100, Hotel Employees and Restaurant Employees Int'l Union*, 239 F.3d 172, 177 (2d Cir. 2001)(discussing numerous cases). While the Sixth Circuit has permitted an injunction in the limited circumstance of a *permanent* injunction for statements found by the trier-of-fact to be libelous, see *Lothschuetz v. Carpenter*, 898 F.2d 1200, 1209 (6th Cir. 1990) (Wellford, J., for the court, concurring in part, dissenting in part), the Sixth Circuit has never departed from the general rule prohibiting as unconstitutional prior restraints in the form of temporary restraining orders or preliminary injunctions absent extraordinary circumstances. *Jones v. Metro Property Group*, LLC 2014 WL 1305142, 9 (E.D. Mich. 2014) (citing *Karhani v. Meijer*, 270 F. Supp. 2d 926, 930, n.4 (E.D. Mich. 2003) (Borman, J.).

The no-injunction rule has been a fixture of Anglo-American law for more than three centuries. David S. Ardia, FREEDOM OF SPEECH, DEFAMATION, AND INJUNCTIONS, 55 Wm. & Mary L. Rev. 1, 18 (2013) (arguing for the availability of permanent injunctions after full

4

adjudication). Well before the First Amendment was ratified, it was taken as a given by judges and lawyers that injunctions, including permanent injunctions following trial, were not permissible remedies in defamation actions. *Id.* The rule's lineage can be traced to the backlash that arose from England's infamous Star Chamber, which "served as an unhealthy hybrid of legislature and court," issuing laws and trying those accused of libel or slander while acting "both as Judges and Jurors." *Id.* Given the indelible mark that English censorship left on the American colonists, the no-injunction rule appears in American cases not long after the nation was founded, appearing first in the 1839 New York case of *Brandreth v. Lance*, 8 Paige Ch. 24 (N.Y. Ch. 1839). *Id.* In *Brandreth*, Chancellor Reuben Walworth wrote that a court cannot issue an injunction without "attempting to exercise a power of preventive justice which ... cannot safely be entrusted to any tribunal consistently with the principles of a free government." 8 Paige Ch. at 26. If a court were to enjoin libelous speech, he warned, it would mark a dangerous return to the days of English censorship:

> The court of [S]tar [C]hamber in England, once exercised the power of cutting off the ears, branding the foreheads, and slitting the noses of the libellers of important personages. And, as an incident to such a jurisdiction, that court was undoubtedly in the habit of restraining the publication of such libels by injunction.

*Brandreth v. Lance*, 8 Paige Ch. 24, 26 (N.Y. Ch. 1839)). As an outgrowth of *Brandreth v. Lance*, "libel plaintiffs in the United States generally have been limited to legal relief in the form of money damages." *Kramer v. Thompson*, 947 F.2d 666, 671 (3rd. Cir. 1991).

While modern cases refer to the possibility of extraordinary circumstances allowing prior restraint, see, e.g., *Metropolitan Opera Ass'n*, 239 F.3d at 177, none are present here. Plaintiff's Amended Complaint alleges harm in the form of damage to his reputation. Doc. 7, at 7, PAGEID 176, ¶ 29, 30. "[I]t is well-settled that an injury to reputation is insufficient to justify the issuance

of a preliminary injunction." *Hammer v. Trendl*, 2003 WL 21466686, *3 (E.D.N.Y. 2003) (citing *Stewart v. United States Immigration & Naturalization Serv.*, 762 F.2d 193, 199-200 (2d Cir. 1985)).

Because Plaintiff has failed to fulfill the requirements of Federal Rule of Civil Procedure 65 requiring evidence submitted by means of affidavit and because Plaintiff requests a remedy the Court does not have the power to grant, Plaintiff's Amended Motion to Reconsider (Doc. 10) is **DENIED**, and his *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction with Request for Emergency Hearing and Review, (Doc. 2), remains **DENIED**. Plaintiff has until May 18, 2015 to serve Defendant or risk dismissal for failure to prosecute.

                                                                    s/Thomas M. Rose

                                                             THOMAS M. ROSE
                                           UNITED STATES DISTRICT JUDGE